9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Stephen OGLETREE, Defendant-Appellee.
 No. 93-5580.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.
 Michael W. Carey, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellant.
 Herbert H. Henderson, Henderson, Henderson & Staples, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Stephen Ogletree entered a guilty plea to one count of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West Supp. 1993). The district court departed from the guideline range of 78-97 months* and imposed a sentence of sixty months. The government has appealed the sentence, contending that the downward departure was unjustified. We vacate the sentence and remand for resentencing within the guideline range.
 
 
 2
 Ogletree and Andre Malone were observed selling drugs by two policemen in Huntington, West Virginia. As the officers approached, Ogletree threw away a bag containing 12.8 grams of crack; he was carrying $315 in cash. Malone had a scanner tuned to the police frequency. After his arrest, Ogletree admitted initiating a scheme to buy drugs in Ohio and sell them in West Virginia. He and Malone were financed by Tammi Swailes, a bank teller who embezzled $5500 from the bank where she worked and gave the money to Ogletree to buy drugs in Ohio. Swailes was found in the Huntington motel room Ogletree had rented. She had $3000 hidden in her shoes which she told police Ogletree and Malone had brought back to the room after selling drugs.
 
 
 3
 At the sentencing hearing, Ogletree requested a downward departure. The district court found that there were no legal grounds for a departure. However, after an emotional plea by defense counsel, the court departed downward, giving as reasons for the departure Ogletree's youth (he is twenty-one), his good family background, his penitence, and the court's own view that the guideline sentence would do society and the defendant more harm than good.
 
 
 4
 We agree with the court's initial finding that there were no grounds for departure. Age, family ties, education, and drug dependence, all factors which apparently influenced the district court, are factors which are not ordinarily relevant in determining that a sentence should be outside the guideline range. U.S.S.G.ss 5H1.1, 5H1.2, 5H1.4, 5H1.6, p.s. No extraordinary circumstances were present. Ogletree's penitence was rewarded in that he received a three-level reduction in offense level for acceptance of responsibility under guideline section 3E1.1(b). The seriousness of his involvement with 39.15 grams of crack was adequately considered under section 2D1.1. Because there was no identifiable mitigating circumstance which had not been adequately considered by the Sentencing Commission, the departure was error. United States v. Hummer, 916 F.2d 186 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3702 (U.S. 1991).
 
 
 5
 We therefore vacate the sentence and remand the case for resentencing within the guideline range previously determined. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1992)